DECISION AND JUDGMENT ENTRY
{¶ 1} Angela L. Acord appeals the Ross County Court of Common Pleas' denial of her motion to suppress evidence obtained from a traffic stop for violating Chillicothe City Ordinance 331.14. Acord asserts that the court erred in denying her motion to suppress because it was physically impossible for her to activate her turn signal one hundred feet prior to turning as required by the ordinance.
 {¶ 2} While impossibility is a potentially valid defense to the underlying traffic offense of failure to properly activate a turn signal, the merits of that issue are not before us. We must simply decide whether the officer had either a reasonable articulable suspicion or probable cause to make the initial stop. Because appellant testified, and the trial court found, she did not activate her signal until after she had stopped at the intersection, a reasonable officer could conclude Ms. Acord probably violated the ordinance, regardless of the fact that she may have a defense to the merits of the charge. Thus, the trial court correctly rejected this argument.
 {¶ 3} Acord also contends that the trial court erred in denying her motion to suppress because the ordinance is unconstitutionally void for vagueness. Because she did not raise that issue in the trial court, she cannot raise it for the first time here. Moreover, a person of ordinary intelligence reading the ordinance would understand that a driver must activate a turn signal within one hundred feet prior to turning, or where that is impossible, as soon as possible. And the language of the ordinance provides specific standards for its enforcement, so it is not subject to arbitrary or discriminatory enforcement. Thus, her vagueness argument is also meritless.
 I. Facts {¶ 4} The parties do not dispute most of the relevant facts. Angela Acord was the subject of a traffic stop for failing to activate her turn signal one hundred feet prior to turning, a violation of Chillicothe City Ordinance 331.14, which is equivalent to R.C. 4511.39. She did not have a valid driver's license, so she was taken into custody. Following a search incident to arrest, the officer found her in possession of drugs. She was charged with aggravated possession of drugs, in violation of R.C. 2925.11, a fifth degree felony. After being indicted, she pleaded not guilty and filed a motion to suppress the drugs from evidence.
 {¶ 5} At a hearing on the motion, Officer Goble testified that she was stationary in her cruiser near the intersection of Sugar and Water Streets as Acord drove towards her on Sugar Street. Goble indicated she did not observe Acord's vehicle turn from an alley onto Sugar Street as it approached the intersection. Specifically, she had "no idea" where it came from. Goble testified that she witnessed Acord stop at the stop sign at Sugar Street and Water Street, pause for a few seconds, and then turn left onto Water Street. Goble testified that Acord did not activate her turn signal until she had proceeded half-way through the intersection. Goble then stopped Acord for failing to use her turn signal one hundred feet prior to the intersection. Because Acord did not have a valid driver's license, Goble placed her under arrest. A search incident to that arrest revealed contraband, i.e., two controlled substances.
 {¶ 6} Contrary to Goble's version of the events, Acord testified that she activated her turn signal before turning. She further testified that prior to reaching the stop sign, she had turned onto Sugar Street from an adjacent alley. She testified that the distance from this alley to the stop sign was less than one hundred feet.
 {¶ 7} After finding that the distance from the alley to the stop sign was less than one hundred feet, and that Acord had activated her turn signal after she stopped but before she turned, the trial court concluded the officer had probable cause to make the stop.
 II. Assignment of Error Standard of Review {¶ 8} Acord asserts the following assignment of error on appeal:
THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS.
 {¶ 9} When considering an appeal from a trial court's decision on a motion to suppress evidence, we are presented with a mixed question of law and fact. State v. Long (1998),127 Ohio App.3d 328, 332, 713 N.E.2d 1. In a hearing on a motion to suppress, the trial court acts as the trier of fact and is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Brooks (1996),75 Ohio St.3d 148, 154, 661 N.E.2d 1030; State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972. As a reviewing court, we must defer to the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Medcalf (1996),111 Ohio App.3d 142, 145, 675 N.E.2d 1268; State v. Guysinger
(1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. We must then independently determine whether the trial court reached the correct legal conclusion in applying the facts of the case.Ornelas v. United States (1996), 517 U.S. 690, 699,116 S.Ct. 1657, 134 L.Ed.2d 911; State v. Venham (1994),96 Ohio App.3d 649, 653, 645 N.E.2d 831.
 III. Impossibility {¶ 10} Acord presents two issues for review under her sole assignment of error. First, Acord contends that it was physically impossible for her to comply with the ordinance for which she was stopped.
 {¶ 11} Chillicothe City Ordinance 331.14 is identical to R.C.4511.39(A), which states:
No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided. When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning.
Acord contends that she turned onto Sugar Street from an adjacent alley. She asserts, and the trial court found, that the distance from this alley to the stop sign at Water Street is less than one hundred feet. Therefore, Accord argues that it was impossible for her to comply with the ordinance because she did not have one hundred feet of roadway within which to activate her turn signal. While this may be true, it is not the issue before us or the trial court.
 {¶ 12} The Revised Code recognizes the impossibility of performing a legally required act may serve to fully excuse an actor's culpability for a failure to perform that duty. See R.C.2901.21(A), which states:
Except as provided in division (B) of this section, a person is not guilty of an offense unless both of the following apply:
(1) The person's liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing;
(2) * * * (dealing with culpable mental states) See also, the Model Penal Code § 2.01(1), Model Sentencing and Corrections Act (ULA) § 2.01(1). An impossibility defense often arises in the context of statutes that impose criminal liability for an omission, i.e., a failure to act. The Chillicothe ordinance at issue is an "omission liability" code provision where R.C.2901.21(A) would apply as a defense.
 {¶ 13} But the issue is not whether Acord is guilty of violating the ordinance. Rather, the question becomes whether the stop was reasonable for Fourth Amendment purposes. As we stated in State v. Dunfee, 2003-Ohio-5970:
A traffic stop is reasonable when an officer possesses probable cause to believe that an individual has committed a traffic violation. See Whren v. United States (1996), 517 U.S. 806,809, 116 S.Ct. 1769, 135 L.Ed.2d 89 (stating that the Fourth Amendment's reasonable requirement is fulfilled and a law enforcement officer possesses probable cause to believe that the driver of the vehicle has committed a traffic violation); see, also, Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12,665 N.E.2d 1091.
In the absence of probable cause to believe that the driver of a vehicle has committed a traffic violation, a law enforcement officer may not stop the vehicle unless the officer observes facts giving rise to a reasonable suspicion of criminal activity, including a traffic violation. See, generally, Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; State v.Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271; State v.Venham (1994), 96 Ohio App.3d 649, 654, 645 N.E.2d 831. To justify a traffic stop based upon less than probable cause, the officer must be able to articulate specific facts which would warrant a person of reasonable caution in the belief that the person stopped has committed or is committing a crime, including a minor traffic violation. See Erickson, 76 Ohio St.3d 3,11-12, 665 N.E.2d 1091; Terry, supra.
A court that is determining whether a law enforcement officer possessed reasonable suspicion or probable cause to stop a vehicle must examine the "totality of the circumstances." See, e.g., Arvizu, 534 U.S. at 273. Moreover, the "touchstone" of a Fourth Amendment analysis is the reasonableness of the intrusion. See, e.g., Pennsylvania v. Mimms (1977), 434 U.S. 106, 108-109,98 S.Ct. 330, 54 L.Ed2d 331.
It is well settled that a law enforcement officer possesses both reasonable suspicion and probable cause to stop a vehicle when the officer observes a traffic violation.
 {¶ 14} Goble stopped Acord upon observing her activate her turn signal just before making a left turn onto Water Street. By Acord's own admission and the trial court's factual finding, Acord did not activate the signal prior to coming to a stop or upon her entry onto Sugar Street from the adjacent alley. Goble testified she did not observe Acord turn from the alley onto Sugar Street.
 {¶ 15} Had Goble observed Acord enter Sugar Street less than 100 feet from the intersection and nevertheless made the stop, we would have a more difficult question. But those are not the facts here. In order to stop a driver for a suspected traffic violation, the officer need not possess the certainty of proof beyond a reasonable doubt that the driver violated the ordinance. Instead, as we noted in Dunfee at ¶ 32, reasonable suspicion sufficient to conduct a stop exists if there is "at least a minimal level of objective justification for making the stop." See Illinois v. Wardlow (2000), 528 US 119, 124, 120 S.Ct. 673,145 L.Ed.2d 570. Regardless of whether the impossibility defense would have prevailed at a trial for violating the ordinance, the totality of the circumstances here reveals that the officer's stop was reasonable within the meaning of the Fourth Amendment. Base upon what Goble observed and articulated, she held a reasonable belief and/or had probable cause to believe Acord violated the ordinance. Thus, the trial court correctly rejected the appellant's argument.
 IV. Constitutionality {¶ 16} Next, Acord contends that the trial court erred in denying her motion to suppress because the ordinance is unconstitutionally void for vagueness. Acord asserts that the ordinance does not allow a reasonable person of ordinary intelligence to know what conduct is prohibited, and it encourages arbitrary and discriminatory enforcement. Because she did not raise this issue below, she has waived it and we need not consider it here. See State v. Awan (1996), 22 Ohio St.3d 120,122, stating even constitutional issues are subject to waiver.
 {¶ 17} Nonetheless, we consider her argument briefly. Legislative enactments generally enjoy a strong presumption of constitutionality. State v. Collier (1991), 62 Ohio St.3d 267,269. Whenever possible, we construe statutes to be in conformity with the Ohio and United States Constitutions. Id. Moreover, the party challenging a statute as unconstitutional has the burden of proving that assertion beyond a reasonable doubt. Id.
See, also, State v. Anderson (1991), 57 Ohio St.3d 168, 171.
 {¶ 18} Before a court may overturn a statute as void for vagueness, "the challenging party must show that the statute is vague `not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. * * *' Coates v. Cincinnati (1971), 402 U.S. 611, 614,91 S.Ct. 1686, 1688, 29 L.Ed.2d 214, 217. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law. Thus, to escape responsibility * * *, appellee must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Anderson,57 Ohio St.3d at 171.
 1. Facial Challenge {¶ 19} Initially, Acord contends the ordinance is facially invalid. This argument fails because the ordinance has sufficient clarity and details to put a person of ordinary intelligence on notice of what conduct is prohibited. See Katz Gianelli, Criminal Law (2nd Ed.) § 83.2. The language of the ordinance provides fair warning that failure to signal at least 100 feet prior to turning will expose a driver to liability. Likewise, there is nothing so unduly vague about the ordinance that it impermissibly delegates too much discretion for enforcement to police, juries and judges. Id.
 2. As Applied Challenge {¶ 20} Acord contends the failure of the ordinance to describe her duty when performance is impossible renders it void for vagueness. Stated another way, she contends the potential for an impossibility of performance renders the ordinance so confusing the ordinary citizen would not know what to do when confronted with her facts. Based upon logic and common sense, we reject that contention. The average person would conclude that you must activate your signal as soon as possible before making the turn when less than 100 feet is available to do so. And the existence of the impossibility defense ensures the prohibition is not enforced in violation of due process. Accordingly, Acord's second argument is also meritless.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. McFarland, J.: Concur in Judgment and Opinion.