DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio appeals the trial court's judgment granting John Ralston's motion to suppress evidence seized under a search warrant. The state contends the trial court erred in finding that critical statements in the supporting affidavit were false and that probable cause was therefore lacking for the issuance of the warrant. The state argues the trial court was precluded from considering whether a false statement in the supporting affidavit invalidated the search warrant because Ralston did not properly raise and factually support the issue in his motion or at the hearing. Because the trial court expressly gave the parties written notice and an opportunity to brief the question concerning the falsity of statements in the warrant's supporting affidavit, the trial court was free to rule on that issue.
 {¶ 2} The state also contends nothing adduced at the suppression hearing indicates the falsity of a statement in the affidavit. Because the trial court had a factual basis for its credibility determination that affiants could not have seen what they claimed to have observed, we will not second guess that decision. Accordingly, we affirm the trial court's judgment suppressing the evidence obtained in the execution of the search warrant.
 I. Facts {¶ 3} As part of a criminal investigation, an officer prepared a sworn affidavit in support of a warrant to search the premises, outbuildings and vehicles located where Ralston lived. The affidavit contained the following averments:
 On April 21, 2005, an officer of the Ohio Department of Natural Resources met with the U.S. 23 Pipeline Task Force and turned over a tool box which the officer stated that he had found on Turkey Ridge Road just west of Sheldon Hill Road in Ross County, Ohio. Inside the toolbox was [sic] books on growing marijuana, two handguns, a notebook with names and amounts, and a release from supervision paper for John Ralston.
 A check through the Bureau of Criminal Investigation and Identification shows that John Ralston * * * has prior arrests for trafficking drugs, felonious assault, and burglary.
 On May 9, 2005, while conducting a follow-up investigation on Turkey Ridge Road in Ross County, affiant went to 947 Turkey Ridge Road where affiant saw marijuana plants growing in the back of a pick-up truck along the driveway. A vehicle in the driveway had Ohio license plate EQ45YJ which is registered through Ohio LEADS to John Ralston.
 {¶ 4} In reliance on the sworn statements in the affidavit, a judge issued a search warrant, which the deputies executed the same day. As a result of evidence seized during the search, the state ultimately charged Ralston with two counts of possession of cocaine, one count of possession of marijuana, and one count of having weapons under disability.
 {¶ 5} After pleading not guilty, Ralston filed a motion to suppress all evidence seized under the warrant on the grounds that (1) the search warrant was not properly supported by an affidavit and (2) the officers interrogated Ralston without advising him of his rights underMiranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In a discovery request, Ralston contended the state had not furnished him with a copy of the affidavit that supported the search warrant.
 {¶ 6} The court conducted a suppression hearing after the state furnished Ralston with the affidavit underlying the search warrant. Defense counsel called two witnesses as on cross-examination: the sheriff's officers who conducted the initial visit to the property where Ralston lived and whose representations formed the basis for the affidavit. The state declined to question the officers, did not present any witnesses or evidence on its behalf, presented no arguments to the court, and raised no objections regarding the suppression proceedings.
 {¶ 7} As the trial court had requested, Ralston filed a post-hearing memorandum claiming, in part, that the officers' initial entry upon his property was unlawful and that the evidence gained from that intrusion could not be used to determine probable cause to support the warrant. Ralston argued that evidence developed during the hearing demonstrated that the officers' testimony about how they acquired probable cause was not credible; specifically, their purported observation of marijuana plants growing in the bed of the pick-up truck at the premises could not have occurred without their trespass upon the curtilage, a fact the officers denied happening. Ralston contended their observation was the critical information establishing probable cause, and without it, the search warrant was invalid. The state did not file a memorandum contra.
 {¶ 8} At a subsequent oral hearing, the trial court announced its decision to grant Ralston's suppression motion. The court found that the officers' testimony concerning their observation of the marijuana plants in the bed of the pick-up truck was not credible and thus, the court would not consider their representation to that effect in the affidavit. The court then determined that the remaining statements in the affidavit did not furnish probable cause for the issuance of the search warrant, and it would suppress all evidence obtained as a result of the search warrant. After the court issued its decision, the state declined the court's offer to place any statements on the record.
 {¶ 9} Before finalizing its decision, the court filed an entry raising a concern that defense counsel's questioning of the sheriff's officers was designed to elicit testimony that some of the statements in the search warrant affidavit were false, and thus implicated the rule inFranks v. Delaware (1978), 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667, adopted by the Ohio Supreme Court in State v. Roberts (1980),62 Ohio St.2d 170. The trial court referenced this court's decision in State v.Dunn, Washington App. No. 03CA47, 2004-Ohio-2883, appeal not allowed,103 Ohio St.3d 1479, 2004- Ohio-5405, and 108 Ohio St.3d 1417,2006-Ohio-179, which explained that under Franks, a defendant is entitled to a hearing to challenge the factual veracity of the affidavit only after the defendant makes a substantial preliminary showing and an offer of proof that the affidavit contained an intentional or reckless false statement. Id. at ¶ 7.
 {¶ 10} The trial court requested the parties to submit briefs on whether (1) Ralston's failure to comply with Franks deprived the court of the ability to determine if the presumption of validity concerning the warrant remained in effect, and (2) the state waived compliance withFranks by failing to object.
 {¶ 11} Ralston filed a memorandum addressing the issues identified by the trial court. The state, however, did not file a memorandum as requested by the court, nor did it request an opportunity to present further argument or evidence concerning the matter.
 {¶ 12} Subsequently, the trial court entered judgment in Ralston's favor. The court noted it did not become evident the officers could not have observed the marijuana plants as they represented in the affidavit until they testified at the suppression hearing. The trial court found the state waived any issue concerning compliance with Franks by its failure to object at the suppression hearing. The court reaffirmed its previous finding that the statement in the affidavit regarding marijuana plants was not credible, determined there was no probable cause to support the issuance of the search warrant, and ordered the suppression of all items seized under it.
 II. Assignment of Error {¶ 13} The state has appealed the trial court's judgment and presents one assignment of error:
 THE TRIAL COURT ERRED IN SUPPRESSING EVIDENCE BASED ON A DETERMINATION THAT THERE WAS NO PROBABLE CAUSE FOR THE ISSUANCE OF A SEARCH WARRANT.
 III. Standard of Review {¶ 14} When considering an appeal from a trial court's decision on a motion to suppress evidence, we are presented with a mixed question of law and fact. State v. Mills (1992), 62 Ohio St.3d 357, 366; State v.Garrett, Adams App. No. 05CA802, 2005- Ohio-5155, ¶ 8. In a hearing on a motion to suppress, the trial court acts as the trier of fact and is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Dunlap (1995), 73 Ohio St.3d 308,314, certiorari denied (1996), 516 U.S. 1096, 116 S.Ct. 822,133 L.Ed.2d 765. Accordingly, we defer to the trial court's findings of fact if they are supported by competent, credible evidence. State v. Fanning (1982),1 Ohio St.3d 19, 20; Garrett, supra. Accepting those facts as true, we must independently determine, without deference to the trial court, whether the trial court reached the correct legal conclusion in applying the facts of the case. State v. Roberts, 110 Ohio St.3d 71,2006-Ohio-3665, ¶ 100, citing State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, ¶ 8; State v. Acord, Ross App. No. 05CA2858,2006-Ohio-1616, ¶ 9. See, generally, United States v. Arvizu (2002),534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740; Ornelas v. United States
(1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911.
 IV. Waiver and the Franks Requirement {¶ 15} As a threshold matter, the state argues the trial court should never have addressed the issue of the false content of the affidavit. The state contends it was unable to defend against Ralston's challenge because Ralston never gave the state notice, as required byFranks, supra, and Crim.R. 47, that he was attacking the search warrant on the ground that the affidavit contained a knowing, intentional, or reckless falsity.
 {¶ 16} The accused must state the legal and factual grounds upon which he challenges the validity of a search and seizure with sufficient particularity to place the prosecutor on notice of, and therefore give the prosecution an opportunity to prepare and defend against, the basis of the challenge. State v. Shindler (1994), 70 Ohio St.3d 54, andXenia v. Wallace (1988), 37 Ohio St.3d 216, construing Crim.R. 47.
 {¶ 17} Contrary to the state's contentions, the record reflects that the state had sufficient notice of the grounds the trial court considered in deciding the motion, and the state had an adequate opportunity to address those grounds. As noted by the trial court, the issue of "falsity" of statements in the search warrant affidavit did not emerge until testimony at the hearing provided the basis for such a challenge. In its oral decision after the suppression hearing, the trial court noted the credibility of the officers' testimony, and the possible falsity of the statement in the affidavit regarding the officers' identification of marijuana plants. Then, in its subsequent entry, the court expressly gave the state notice that the falsity of statements in the affidavit was an issue it would consider, and gave the state an opportunity to present arguments on its merits or object to the court's consideration of the issue on the basis of Ralston's purported noncompliance with Franks.
 {¶ 18} The state declined the opportunity, however, and failed to file any arguments, objections, or statements whatsoever addressing the issues identified by the trial court. Accordingly, absent plain error, the state has waived the issue of notice of "the basis for contesting the warrant. See,Shindler, supra; Xenia, supra at 221; State v.Molek, Portage App. No. 2001-P-0147, 2002-Ohio-7159, ¶ 21, appeal not allowed, 98 Ohio St.3d 1515, 2003-Ohio-1572, citing State v.Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137,57 L.Ed.2d 1156; State v. Barnes (Mar. 16, 2000), Franklin App. No. 99AP-572; Crim.R. 52(B).
 {¶ 19} "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. In order to prevail on a claim of plain error, the appealing party must establish that the outcome of the proceeding clearly would have been different but for the alleged error.State v. Waddell (1996), 75 Ohio St.3d 163, 166; Molek, at ¶ 22.
 {¶ 20} In this case, where the state was given sufficient notice and ample opportunity to defend, no manifest miscarriage of justice resulted from the trial court's decision to address the issue of whether the warrant affidavit contained a material knowing, intentional or reckless falsity. The trial court did not commit plain error in this regard.
 V. Falsity and the Existence of Probable Cause {¶ 21} The state also contests the merits of the trial court's finding that the affidavit contains a false statement on the basis that it is not supported by the record. And it asserts looking at the affidavit as a whole, there was probable cause to support the issuance of the search warrant.
 {¶ 22} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution provide the "[t]he right of the people to be secure * * * against unreasonable searches and seizures * * *." Both constitutional provisions further provide that "no warrants shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched, and the person or things to be seized." Id. All evidence obtained in violation of a defendant's Fourth Amendment rights must be excluded at trial. Mapp v. Ohio (1961), 367 U.S. 643, 655, 81 S.Ct. 1684, 1691,6 L.Ed.2d 1081.
 {¶ 23} An affidavit supporting a warrant enjoys a presumption of validity. State v. Jones (2000), 90 Ohio St.3d 403, 412, citingState v. Roberts (1980), 62 Ohio St.2d 170, 178. The burden of initially establishing whether a search was authorized by a warrant is on the party challenging the legality of the search. Xenia v. Wallace (1988),37 Ohio St.3d 216, 218. In order to invalidate a search warrant due to false statements in the underlying affidavit, the defendant must show by preponderance of the evidence that the affiant made false statements intentionally, or with reckless disregard for the truth. State v.Waddy (1992), 63 Ohio St.3d 424, 441, citing Franks, 438 U.S. 154, 155- 156.
 {¶ 24} At issue here is the statement in the affidavit by one of the sheriff's officers that the "affiant saw marijuana plants growing in the back of a pick-up truck along the driveway." The trial court deemed the statement not credible based on the testimony of both officers that they were at least 50 to 60 feet away from the pick-up truck when they purportedly identified the marijuana plants during their preliminary investigation; they were uncertain which way the truck was facing, which would have affected their view of the truck bed; they testified that the marijuana plants were between one and 20 inches in height and other evidence showed the bed of the pick-up truck was 20 to 24 inches deep; and they acknowledged that of 82 photographs taken at the scene during the execution of the search warrant, none of the photographs showed the marijuana plants in the bed of the pick-up truck.
 {¶ 25} Based upon its reliance on these facts, the trial court was free to find the officers' testimony lacking credibility. It is our duty to defer to the trial court's ruling regarding the weight and credibility of the witnesses where there is a factual and rational basis for its conclusion. State v. Brown, 100 Ohio St.3d 51, 2003-Ohio-5059, ¶ 15, citing State v. Moore (1998), 81 Ohio St.3d 22, 31.
 {¶ 26} In the absence of a separate argument that the affidavit contained sufficient evidence to establish probable cause without that statement, we affirm the trial court's decision finding the warrant to be invalid and suppressing the evidence seized under it.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Abele, J.: Concur in Judgment and Opinion.