DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. Gregory Johnson, defendant below and appellant herein, pled no contest to (1) possession of cocaine in violation of R.C. 2925.11; and (2) having a weapon under disability in violation of R.C. 2923.13(A)(2).
 {¶ 2} Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN DENYING HIS MOTION TO SUPPRESS AS THE SEARCH WARRANT AFFIDAVIT WAS INSUFFICIENT TO ESTABLISH PROBABLE CAUSE FOR THE WARRANT. THE TRIAL COURT'S ACTION IN THIS REGARD VIOLATED RIGHTS SECURED TO DEFENDANT UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION *Page 2 
AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION."
 {¶ 3} On April 17, 2005, authorities executed a search warrant at the appellant's residence. During the search, officers found, inter alia, weapons and a white substance later identified as cocaine. The Highland County Grand Jury returned an indictment charging appellant with trafficking cocaine, possession of cocaine, and having a weapon under disability.[1]
 {¶ 4} Appellant filed a motion to suppress and argued that the search warrant was issued "on the word of a confidential informant" who is "notoriously unreliable and has a criminal history." At the motion hearing Greenfield Police officers Jeremy Priest and Jennifer Lowe testified as to the information they received from various informants and their own investigations into the alleged criminal activities of appellant and his son, Andrew Johnson. At the conclusion of the hearing, the trial court denied appellant's motion to suppress.
 {¶ 5} Subsequently, and with leave of court, appellant's new counsel filed a supplemental motion to suppress. Appellant argued that the affidavit submitted in support of the search warrant is "facially insufficient to support a determination of probable cause." Specifically, appellant argued that nothing in the affidavit established credibility or reliability for the confidential informants. The trial court overruled that motion as well. *Page 3 
 {¶ 6} Eventually, appellant pled "no contest" to cocaine possession and having a weapon under disability. The trial court found him guilty of those crimes and dismissed the remaining trafficking count. The court sentenced appellant to serve three years in prison on each charge with the sentences to be served concurrently. This appeal followed.
 {¶ 7} Appellant asserts in his assignment of error that the trial court erred by denying his motion to suppress evidence. Generally, a trial court decision on a motion to suppress involves mixed questions of law and fact. State v. Book, 165 Ohio App.3d 511, 847 N.E.2d 52,2006-Ohio-1102, at ¶ 9; State v. Long (1998), 127 Ohio App.3d 328, 332,713 N.E.2d 1. When hearing motions to suppress evidence, trial courts serve as the trier of fact and are in the best position to resolve factual disputes and to evaluate witness credibility. State v.Burnside, 100 Ohio St.3d 152, 797 N.E.2d 71, 2003-Ohio-5372, at ¶ 8;State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Appellate courts must accept a trial court's factual findings if competent and credible evidence support those findings. State v. Metcalf (1996),111 Ohio App.3d 142, 145, 675 N.E.2d 1268; State v. Harris (1994),98 Ohio App.3d 543, 546, 649 N.E.2d 7. Appellate courts nevertheless review a trial court's application of the law to the facts de novo.Book, supra at ¶ 9; State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141.
 {¶ 8} The Fourth Amendment to the United States Constitution protects the rights of the people to be secure in their homes against unreasonable searches and seizures and guarantees that a *Page 4 
search warrant shall not issue except "upon probable cause." These protections are applicable to the states through theFourteenth Amendment Due Process Clause, see Smith v. Maryland (1979),442 U.S. 735, 736, 61 L.Ed.2d 220, 99 S.Ct. 2577; Mapp v. Ohio (1961),367 U.S. 643, 655, 6 L.Ed.2d 1081, 81 S.Ct. 1684, and Section 14, Article I, of the Ohio Constitution offers the same protections, see State v.Jaeger (Jul. 9, 1993), Washington App. No. 92CA30.
 {¶ 9} To determine the sufficiency of "probable cause" in an affidavit submitted in support of a search warrant, the issuing magistrate must make a practical, common-sense decision whether, in light of all the circumstances set forth in the affidavit, including the veracity and the basis of knowledge of those persons who provide hearsay information, a fair probability exists that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates (1983), 462 U.S. 213,238, 76 L.Ed.2d 527, 103 S.Ct. 2317; also see State v. Garner (1995),74 Ohio St.3d 49, 62, 656 N.E.2d 623; State v. George (1989),45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph one of the syllabus.
An affidavit submitted in support of a search warrant enjoys a presumption of validity. State v. Jones (2000), 90 Ohio St.3d 403, 412,739 N.E.2d 300; State v. Ralston, Ross App. No. 06CA2898, 2007-Ohio-177, at ¶ 23. When conducting a review of an affidavit, trial and appellate courts must afford great deference to the magistrate's probable cause determination and doubtful or marginal cases should be resolved in favor of upholding the warrant. George, supra, at paragraph two of the syllabus; also *Page 5 see State v. Sheppard (1998), 84 Ohio St.3d 230, 236, 703 N.E.2d 286;State v. Kinney (1998), 83 Ohio St.3d 85, 96, 698 N.E.2d 49.
 {¶ 10} In the case sub judice, Officer Priest's affidavit submitted in support of his request for a search warrant states in part:
 "[O]n March 12th 2005 Ptl. Jennifer Lowe received information from a reliable confidential informant that Greg Johnson was dealing cocaine form his residence located at 210 S. Fourth St. on this date the informant purchased a small baggie of cocaine from Steven Willet. Surveillance was performed on the informant and Willett. Willett was observed walking to 210 S. Fourth St. and entering the residence. A short time later Willett was observed exiting the residence and meeting with informant. The informant then met with Ptl. Lowe and turned over a small tied off plastic bag corner containing a white powdery substance.
 On March 17th, 2005 Ptl. Nick Oyer received information through the Greenfield Schools that Andrew Johnson was carrying a gun on his person and dealing drugs from his residence on S. Fourth St. Ptl. Oyer also received information that the residence and vehicles were monitored by a camera security system. Ptl. Oyer also recovered stolen items that had been left in a vehicle by Andrew Johnson.
 On April 17th, 2005 a confidential source advised this officer that Andrew Johnson offered to sell the source a play station 2, X-box, games for both both consoles, a black automatic gun with an empty clip. Johnson advised the source that the items were stolen from a residence on N. Fourth St. On February 19th 2005 this officer investigated a [b]urglary that occurred at 344 N. Fourth St. where the items taken matched the items that the source said Johnson was possessing. The source also advised that Johnson was in possession of two kicker amps, speakers, a pioneer amp, and a pioneer cd player that were supposed to be stolen. On March 29th, 2005 this officer investigated a theft of stereo equipment from a vehicle located at 1117 Sycamore Glenn. The items removed from the vehicle matched the description of the above mentioned stereo equipment. The source believed that the items were in Andrew Johnson's residence. The source advised that the source had received information that Greg Johnson was [in] possession [of] a large amount of Cocaine which was to be hidden in a van parked in the driveway. The source also advised that approx. two pounds of *Page 6 
marijuana was supposed to be inside the residence."
 {¶ 11} Whatever else might be said of this affidavit, it is not the "conclusory" or "bare bones" type affidavit that has proven problematic in the past. Indeed, we believe that a sufficient showing of probable cause rests on a tri-partite foundation in the affidavit. First, the Greenfield School System informed the police that Andrew Johnson both carried a gun and sold drugs from his home. Second, the Greenfield Police Department recovered stolen property from Andrew Johnson's vehicle. Third, a confidential source described for Officer Priest additional stolen property that Andrew Johnson offered to sell to him and those items matched property that Officer Priest knew had been stolen from previous theft offenses that he had investigated.
 {¶ 12} In challenging the warrant, appellant focuses his arguments on a few isolated factual recitations in the affidavit and claims that they are insufficient to "establish probable cause to believe" that evidence of cocaine trafficking could be found in his home. We disagree with appellant. First, we note that we do not review portions of the affidavit in isolation but, rather, consider the affidavit as a whole and employ a totality of the circumstances approach. State v.Ackison (1993), 66 Ohio St.3d 1209, 1211, 607 N.E.2d 1071; also seeState v. Freeman, Highland App. No. 06CA3, 2006-Ohio-5020, at ¶ 10. As aforesaid, Officer Priest sets out no less than three bases for finding probable cause in this case. Second, we believe that appellant reads the affidavit and the search warrant too narrowly. Drugs *Page 7 
were, however, not the only contraband sought at appellant's residence. Instead, the police also looked for stolen property.
Moreover, appellant was not the only person living at the residence suspected of engaging in criminal activity. In fact, most of the affidavit describes the criminal activities of his son, Andrew Johnson, who is also named in the search warrant. Third, the information in the affidavit is not entirely based on unnamed or "confidential informants" as appellant claims. The Greenfield school system informed police that Andrew carried a gun and sold drugs from his home. The affidavit also details how Greenfield Police Officer Nick Oyer recovered stolen property from Andrew Johnson's car, thus lending more support to the belief that stolen property may be located at the residence. Fourth, the information from confidential informants was not uncorroborated. A confidential source informed Officer Priest that appellant had large amounts of cocaine in his possession and two pounds of marijuana in the residence. The officer also described in his affidavit how that source had previously established credibility by describing stolen property that Andrew Johnson had offered to sell. That property also "matched" the description of property that Officer Priest knew to be stolen from two incidents that he had investigated.
 {¶ 13} Appellant's strongest argument is directed at the affidavit's first paragraph where Officer Priest describes how a "reliable" informant told Officer Lowe that appellant dealt cocaine from the residence. Police surveillance of the informant and another man named Willett showed Willett entering appellant's *Page 8 
home and then leaving a short time later. Willett then met with the informant who, in turn, gave the police a baggie containing a white powdery substance. If the affidavit only contained this one paragraph, we might agree with appellant's argument. Neither Officer Priest nor Officer Lowe gave any reason to believe that the informant should be considered "reliable." Additionally, even if the informant was reliable, nothing in this paragraph substantiates the informant's claim that appellant was selling drugs. Instead, all we have is a statement that Willett entered appellant's home, exited the residence a short time later and then met with the informant. The informant subsequently met with police and turned over a baggie that contained a white substance.
Nothing, however, shows how the informant got the baggie from Willett or how Willett obtained the baggie from appellant and it could be argued that either the informant or Willett had the baggie in their possession. In short, appellant makes a strong argument that this paragraph, standing alone, does not establish probable cause. We note, however, that this is not the only paragraph in the affidavit. Officer Priest gave other bases on which a magistrate could find probable cause to issue a warrant including, but not limited to, information from the Greenfield Schools about Andrew Johnson and Officer Oyer's recovery of stolen property from Andrew's vehicle.
 {¶ 14} Thus, after we consider the totality of these other circumstances, we find no error in either the issuance of the search warrant or the denial of appellant's motion to suppress.
 {¶ 15} Accordingly, for the reasons stated above we conclude *Page 9 
that appellant's assignment of error is without merit and is hereby overruled. Thus we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] Linda Johnson was also charged, in the same indictment, with trafficking and possession. Those charges were later severed from this case. *Page 1