DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. James L. Shepherd, defendant below and appellant herein, pled "no contest" to drug trafficking in the vicinity of a school in violation of R.C. 2925.03 (A)(2)/(C)(4)(g). Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS EVIDENCE OBTAINED DURING AN UNLAWFUL SEARCH OF A RESIDENCE WHEN THE SEARCH WARRANT WAS ISSUED IN THE ABSENCE OF PROBABLE CAUSE." *Page 2 
 {¶ 2} On February, 21, 2006, Portsmouth Police Department Officer Steven Timberlake learned that appellant was staying in the 1910 Kinney's Lane residence. Apparently, appellant is well known to the narcotics division and Officer Timberlake submitted an affidavit for a warrant to search the premises. Officer Timberlake's affidavit spanned eight pages and forty-two paragraphs detailed appellant's involvement in Portsmouth drug activity from 2000 to 2006. Of those forty-two paragraphs, three related to the current case:
 "On 02-20-2006 Officers received a call on the drug hotline that there was a lot of traffic in and out of 1910 Kinney's lane and one of the subjects staying there is driving a silver car.
 On 02-21-06 Officers of the Portsmouth Police Department received information from a reliable confidential informant that James Shepherd was staying with a female known as `Katie' at 1910 Kinney's Lane. The informant also stated that Shepherd is selling crack cocaine, powder cocaine, oxycontin and herion. The confidential informant advised that Shepherd drives a silver rental car and has two subjects from Gallipolis with him.
 On the evening of 02-21-2006 Officers of the Portsmouth Police Department received information from a reliable confidential informant that advised they had just saw [sic] James Shepherd at 1910 Kinney's Lane and had just returned from Columbus with approximately 8 ounces of crack cocaine."
A search warrant was issued and executed. When an officer knocked on the door, appellant peered outside, saw the police, and exclaimed "I got to pee" and dashed upstairs. Police entered the residence, secured both appellant and Katie Lansing, and executed the search. Police found crack cocaine and heroin.
 {¶ 3} The Scioto County Grand Jury returned an indictment charging appellant with two counts of drug possession, two counts of drug trafficking in the vicinity of a school and the possession of criminal tools. Appellant pled not guilty and subsequently *Page 3 
filed a motion to suppress evidence. In particular, appellant argued that, inter alia, Officer Timberlake's affidavit was insufficient to establish probable cause. At the motion hearing Officer Timberlake testified regarding the information in his affidavit, as well as his participation in the search. The trial court found the warrant valid and overruled appellant's motion to suppress.
 {¶ 4} The parties later reached a plea agreement whereby appellant pled "no contest" to a trafficking count in exchange for the dismissal of the other counts in the indictment. The trial court accepted appellant's plea, dismissed the other charges and sentenced appellant to serve ten years in prison. This appeal followed.
 {¶ 5} In his sole assignment of error, appellant asserts that the trial court erred by overruling his motion to suppress because the search warrant was not supported with sufficient information to establish probable cause for the search. We disagree with appellant.
 {¶ 6} It is well-settled that appellate review of a decision on a motion to suppress evidence involves mixed questions of law and fact. See State v. Book, 165 Ohio App.3d 511, 847 N.E.2d 52, 2006-Ohio-1102, at ¶ 9; State v. Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. In deciding a motion to suppress, trial courts assume the role of trier of fact and are in the best position to resolve factual disputes and to evaluate witnesses credibility. State v. Burnside, 100 Ohio St.3d 152,797 N.E.2d 71, 2003-Ohio-5372, at ¶ 8. Appellate courts generally accept a trial court's factual findings if competent and credible evidence exists to support those findings. State v. Metcalf (1996),111 Ohio App.3d 142, 145, 675 N.E.2d 1268. Appellate courts, however, review de novo a trial court's application of law to those facts. Book, supra at ¶ 9; State v. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. *Page 4 
 {¶ 7} The Fourth Amendment to the United States Constitution protects the rights of people to be secure in their homes against unreasonable searches and seizures and guarantees that a search warrant shall not issue except "upon probable cause." These protections are applicable to the states through the Fourteenth Amendment Due Process Clause,Smith v. Maryland (1979), 442 U.S. 735, 736, 61 L.Ed.2d 220,99 S.Ct. 2577; Mapp v. Ohio (1961), 367 U.S. 643, 655, 6 L.Ed.2d 1081,81 S.Ct. 1684. Section 14, Article I, of the Ohio Constitution offers the same protections. State v. Johnson, Highland App. No. 06CA36, 2007-Ohio-4158
at ¶ 8; State v. Jaeger (Jul. 9, 1993), Washington App. No. 92CA30.
 {¶ 8} To determine the sufficiency of probable cause in an affidavit submitted in support of a search warrant, an issuing magistrate must make a practical, common-sense decision whether, in light of all of the circumstances set forth in the affidavit, including the veracity and the basis of knowledge of those persons who provide information, a fair probability exists that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates (1983), 462 U.S. 213, 238,76 L.Ed.2d 527, 103 S.Ct. 2317; also see State v. Garner (1995),74 Ohio St.3d 49, 62, 656 N.E.2d 623; State v. George (1989), 45 Ohio St.3d 325,544 N.E.2d 640, at paragraph one of the syllabus. An affidavit in support of a search warrant enjoys a presumption of validity. State v.Jones (2000), 90 Ohio St.3d 403, 412, 739 N.E.2d 300; State v.Ralston, Ross App. No. 06CA2898, 2007-Ohio-177, at ¶ 23. In reviewing such affidavits, trial and appellate courts afford great deference to the magistrate's probable cause determination and any doubtful or marginal cases should be resolved in favor of upholding the warrant.George, supra, at paragraph two of the syllabus; State v. Sheppard
(1998), 84 Ohio St.3d 230, 236, 703 N.E.2d 286; State v. Kinney (1998), *Page 5 
83 Ohio St.3d 85, 96, 698 N.E.2d 49.
 {¶ 9} In the case sub judice, appellant advances two reasons why he believes that Officer Timberlake's affidavit failed to establish sufficient probable cause for a search warrant: (1) the affidavit was based on information from a confidential informant, but did not establish the informant's "reliability or basis of knowledge"; and (2) the vast majority of the affidavit "merely recited Mr. Shepherd's past involvements with the police[.]" We find no merit in either argument.
 {¶ 10} We believe that appellant appears to "cherry-pick" or highlight selected parts of the affidavit, then argue that those portions are insufficient to establish probable cause. We rejected this approach inJohnson, supra at ¶ 12, and stated that "we do not review portions of the affidavit in isolation but, rather, consider the affidavit as a whole and employ a totality of the circumstances approach." In the instant case, after we consider Officer Timberlake's affidavit as a whole, we conclude, as did the trial court, that a sufficient showing of probable cause existed for a search warrant to issue. We first note that more information had been relayed to the police than the information that came from the confidential informant. The day before police heard from their informant, they received word through the "drug hotline" of "a lot of traffic in and out of 1910 Kinney's Lane." Moreover, a "silver car" was reported to be parked outside. The next day, police heard from their informant that appellant was staying at the residence and was driving "a silver rental car," thus confirming the information received over the drug hotline. That informant also informed police that appellant was selling drugs from the residence. Later that same day, police received more information from a confidential informant who "saw" appellant at 1910 Kinney's Lane that evening and appellant had just returned from Columbus with "approximately eight ounces of crack *Page 6 
cocaine." It is unclear from the record whether this was a different informant than the one who gave information to police earlier in the day. If it was, one informant confirmed information given by another informant and this fact adds to the indicia of reliability. However, even if this was the same informant, the fact that the informant personally "saw" appellant at 1910 Kinney's Lane with the crack cocaine "entitles the tip to greater weight than might otherwise be the case." See State Underwood, Scioto App. No. 03CA2930, 2005-Ohio-2309 at ¶ 37; also see United States v. Ayers (C.A.9 1991), 924 F.2d 1468, 1478.
 {¶ 11} We fully agree, however, with the concept that it would have been better if Officer Timberlake had spoken to the reliability of the informant(s) in this case. We do not believe, however, that the absence of indicia of reliability renders the affidavit infirm under the circumstances present in this case. A confidential informant confirmed the telephone tip to the drug hotline (concerning a silver car at the Kinney's Lane residence) and further stated that appellant was selling drugs from that location. That same informant (or possibly a different one), informed police later that evening that the informant personally observed appellant at the residence and that appellant possessed eight ounces of crack cocaine. Additionally, the tips received over the drug hotline and information received from confidential informants were not the only basis for establishing probable cause. Officer Timberlake's affidavit also provided great detail as to appellant's extensive six year history of drug trafficking. Appellant dismisses this recitation as irrelevant, but we disagree. When used in connection with other evidence, a suspect's criminal history can support a determination of probable cause. State v. Duchene (N.D. 2001), 624 N.W.2d 668, 673; also see State v. Meeks (Tenn. 1993), 876 S.W.2d 121, 125 ("It is well settled that prior criminal history is relevant to the issue *Page 7 
of probable cause").
 {¶ 12} Once again, issuing magistrates must make practical, common-sense, decisions whether a fair probability exists that contraband will be found in a particular place. Gates, (1983), supra at 239. Here, appellant's lengthy drug trafficking background, the informant's information that appellant was in town and driving a "silver car," the drug hotline tip (that did not mention appellant) that reported a silver car outside a home on Kinney's Lane which had a great deal of traffic entering and leaving the residence, and the informant's observation that appellant possessed "crack cocaine" at 1910 Kinney's Lane provided sufficient probable cause for the magistrate to issue the search warrant.
 {¶ 13} Accordingly, based upon the foregoing reasons we find no error in the trial court's decision to overrule the suppression motion. Therefore, appellant's assignment of error is without merit and we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution. *Page 9 
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J.: Concurs in Judgment Opinion
Harsha, J.: Dissents with Dissenting Opinion