[Cite as *State v. Clouser*, 2016-Ohio-5370.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA4 |
| v. | : | |
| | | DECISION AND |
| KACY CLOUSER, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 08/08/2016 |

APPEARANCES:

Adam J. King, Hillsboro, Ohio, for defendant-appellant Kacy Clouser.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for plaintiff-appellee State of Ohio.

Hoover, J.

{¶1} This is an appeal from a judgment of conviction and sentence entered by the Highland County Court of Common Pleas following the entry of a no contest plea by Kacy Clouser ("Clouser"), appellant herein, to two counts of drug possession. On appeal, Clouser contends that the trial court erred in overruling his motion to suppress evidence found in a search of his apartment during the execution of a search warrant. Specifically, Clouser contends that certain information contained in the affidavit for search warrant was either stale or knowingly false and not accurate, and that the affidavit's remaining content was insufficient to establish the probable cause necessary for the issuance of the warrant. We find that the disputed information contained within the affidavit for search warrant was neither knowingly false nor stale; and thus, probable cause existed supporting the issuance of the warrant. Accordingly, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶2}    In May 2015, officers from the US 23 Major Crimes Task Force began investigating allegations that Clouser was involved in drug trafficking. On July 27, 2015, Clouser was observed driving a silver Lincoln in the area of a controlled drug buy. On July 29th and 30th, 2015, officers from the task force used a confidential informant to purchase heroin from Clouser in an undercover drug buy operation. During both controlled buys, Clouser was seen operating a silver Lincoln. As a result of the undercover buys, Clouser was indicted by a Highland County Grand Jury in Case Number 15CR256 of two counts of trafficking in heroin and two counts of possession of heroin. Brittany Edwards, Clouser's girlfriend, was also indicted on one count of trafficking in heroin and one count of possession of heroin as a result of the investigation. Clouser's indictment also included a specification seeking to forfeit the silver Lincoln he was seen driving when the drug transactions were alleged to have occurred.

{¶3}    A warrant was issued for Clouser's arrest pursuant to the indictment in Case Number 15CR256. On October 13, 2015, Deputy Sheriff Chris Bowen of the Highland County Sheriff's Office went to Clouser's apartment in order to arrest Clouser and serve him with his indictment. While watching the property, Bowen observed Edwards come out of Clouser's apartment and go to a silver Lincoln parked in the parking lot. It was the same silver Lincoln that Clouser was observed driving during the July controlled buys. After watching the apartment for some time, Bowen and other officers approached the apartment and arrested both Clouser and Edwards on their felony warrants.

{¶4}    At that time, and based on the forfeiture specification in Case Number 15CR256, the Highland County Sheriff's Office conducted a pre-towing inventory search of the silver

Lincoln. Within the car, officers found drug paraphernalia and suspected drugs. There was also a television bill addressed to Clouser found in the vehicle.

{¶5}     Based on the inventory search, observations, and known history, Bowen submitted an affidavit for a search warrant to search Clouser's apartment on October 13, 2015. The four-page affidavit detailed the months long investigation into Clouser's drug dealing, including information from a confidential informant regarding a drug transaction between Clouser and an individual named Chad Eggleton in May 2015. The affidavit averred that Clouser was driving the silver Lincoln at the time of the Eggleton transaction. The affidavit also included details about the controlled drug buys in July 2015, including the fact that Clouser was observed driving the silver Lincoln during those transactions. Finally, the affidavit detailed the actions of Edwards entering and removing items from the silver Lincoln while Bowen watched the property; the affidavit also provided details of the items found in the silver Lincoln during the inventory search of the vehicle prior to it being towed. After reviewing the affidavit, a judge from the Hillsboro Municipal Court issued a search warrant for Clouser's apartment and law enforcement quickly executed the warrant. The search revealed multiple items used in the trafficking of drugs, including scales, multiple needles, and plastic baggies. Moreover, heroin, methamphetamine, cocaine, and marijuana were also found in the residence.

{¶6}     As a result of the search, Clouser was indicted by a Highland County Grand Jury in Case Number 15CR289 of six counts – including several drug trafficking and drug possession charges, as well as a forfeiture specification for money found in Clouser's possession. Thereafter, Clouser moved to suppress all evidence seized from his apartment in Case Number 15CR289, contending (1) that references in the search warrant affidavit that the silver Lincoln belonged to Clouser were false and misleading because the vehicle was titled to an individual

named Tammy Rhoads since July 27, 2015; and (2) that the information in the affidavit concerning the July 27th, July 29th, and July 30th drug buys was stale information and therefore should be excised from the affidavit. Following a suppression hearing, the trial court denied Clouser's motion finding that the affiant did not include knowingly false information, and that the information pertaining to the July 2015 drug transactions was not stale information. Clouser then changed his plea to a plea of no contest to the amended counts of possession of heroin (F2) and aggravated possession of methamphetamine (F3), both in violation of R.C. 2925.11; as well as to the forfeiture specification. The trial court found Clouser guilty of the amended counts and the remaining counts were dismissed. Ultimately, Clouser was sentenced to a total term of four years incarceration on Case Number 15CR289, to run consecutive to the prison sentence imposed upon him in Case Number 15CR256. Clouser filed a timely notice of appeal.

## II. Assignment of Error

{¶7}    Clouser assigns the following error for our review:

> The trial court erred by overruling Appellant's motion to suppress evidence given that the affidavit for a search warrant contained both stale information and knowingly false information that should have been excised by the trial court, rendering the remainder of the affidavit insufficient to support the finding of probable cause to issue the warrant for a search of the premises.

## III. Law and Analysis

{¶8}    In his sole assignment of error, Clouser contends the trial court should have granted his motion to suppress evidence seized under the search warrant because certain information supporting the search warrant affidavit was knowingly false and/or stale. He argues that if the contested evidence is set aside from consideration, then the remaining portions of the affidavit are insufficient to establish probable cause.

{¶9}    The denial of a motion to suppress involves mixed questions of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of the witnesses. *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 100, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Landrum*, 137 Ohio App.3d 718, 722, 739 N.E.2d 1159 (4th Dist.2000). However, an appellate court determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court reached the correct legal conclusion in analyzing the facts of the case. *Roberts* at ¶ 100, citing *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

{¶10}  The Fourth Amendment to the U.S. Constitution, applied to the states through the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Ohio Constitution contains a nearly identical provision. Ohio Constitution, Article I, Section 14. *See also* R.C. 2933.22(A); Crim.R. 41(C). "All evidence obtained in violation of a defendant's Fourth Amendment rights must be excluded at trial." *State v. Ralston*, 4th Dist. Ross No. 06CA2898, 2007-Ohio-177, ¶ 22, citing *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

{¶11}  "A neutral and detached magistrate may issue a search warrant only upon the finding of probable cause." *State v. Gilbert,* 4th Dist. Scioto No. 06CA3055, 2007-Ohio-2717, ¶

13, citing *United States v. Leon*, 468 U.S. 897, 914-915, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and Crim.R. 41(C). A warrant shall issue "on * * * an affidavit or affidavits sworn to before a judge of a court of record * * * establishing the grounds for issuing the warrant." Crim.R. 41(C). When determining whether an affidavit in support of a search warrant demonstrates probable cause, the magistrate or judge must " 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *State v. George,* 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates,* 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In reviewing the sufficiency of probable cause in an affidavit, neither the trial court nor an appellate court should substitute its judgment for that of the issuing magistrate or judge but, rather, should ensure that the issuing magistrate or judge "had a substantial basis for concluding that probable cause existed." *George* at paragraph two of the syllabus. Such analysis is undertaken with great deference to the magistrate's or issuing judge's determination of probable cause, and doubtful or marginal cases should be resolved in favor of upholding the warrant. *Id.*; *State v. Oros,* 4th Dist. Pickaway No. 07CA30, 2008-Ohio-3885, ¶ 18.

### A. Alleged false statements

{¶12}  Clouser first argues that the affidavit upon which the search warrant was based failed to support a finding of probable cause because the affidavit referred to the silver Lincoln as belonging to him, despite the fact that the silver Lincoln had been titled to a individual named Tammy Rhoades since July 27, 2015. At the suppression hearing, a certificate of title for the vehicle was presented by the defense indicating that Clouser had transferred title to the vehicle to

Rhoads on July 27, 2015. There was also testimony that Bowen had run the license plate attached to the silver Lincoln on October 13, 2015, prior to authoring the search warrant affidavit, and that the search had indicated that the vehicle was registered to Rhoades. Thus, Clouser argues that Bowen's representation that the silver Lincoln belonged to him was false and misleading, and absent the statement, the affidavit's remaining content was insufficient to establish probable cause.

{¶13}   An affidavit supporting a warrant enjoys a presumption of validity. *State v. Jones*, 90 Ohio St.3d 403, 412, 739 N.E.2d 300 (2000), citing *State v. Roberts*, 62 Ohio St.2d 170, 178, 405 N.E.2d 247 (1980). The burden of initially establishing whether a search was authorized by a warrant is on the party challenging the legality of the search. *Xenia v. Wallace*, 37 Ohio St.3d 216, 217-218, 524 N.E.2d 889 (1988). In order to invalidate a search warrant due to false statements in the underlying affidavit, the defendant must show by a preponderance of the evidence that the affiant made false statements intentionally, or with reckless disregard for the truth. *State v. Waddy*, 63 Ohio St.3d 424, 441, 588 N.E.2d 819 (1992), *superseded by state constitutional amendment on other grounds*, citing *Franks v. Delaware,* 438 U.S. 154, 155–156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). "Reckless disregard" occurs when an affiant has serious doubts about the truth of an assertion. *Id.* However, "[e]ven if the affidavit contains false statements made intentionally or recklessly, a warrant based on the affidavit is still valid unless, 'with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause * * *.' " *Id*., quoting *Franks* at 156.

{¶14}   Here, after reviewing the affidavit and evidence established at the suppression hearing, we cannot say that the references in the affidavit referring to the silver Lincoln as Clouser's vehicle were false, or made with knowledge or intentional disregard for the truth.

While it is undisputed that the silver Lincoln was titled in Rhoades's name, it is also undisputed that the affidavit never indicates that Clouser was the titled owner. Rather, the affidavit describes that Clouser was seen driving the silver Lincoln during several drug transactions in May and July 2015. It also describes Bowen's observations from October 13, 2015, the day the search warrant was issued. On that day Bowen observed the silver Lincoln parked in front of Clouser's residence. Clouser's girlfriend was also seen entering the silver Lincoln and then returning to Clouser's apartment on October 13. When the inventory search of the silver Lincoln was conducted on October 13, a satellite television bill with Clouser's name and address was found inside the vehicle. All of this evidence would lead a reasonable person to conclude that Clouser owned, possessed, and/or had access to the vehicle. Thus, Bowen's statement that the vehicle belonged to Clouser was not reckless, nor do we believe it to be false or misleading for all intents and purposes. This conclusion is especially true in today's society where it is not uncommon for individuals to possess or have access to vehicles in which they are not the titled owner. Accordingly, we cannot say that Clouser satisfied his burden of proving, by a preponderance of the evidence, that Bowen made a false statement, let alone that Bowen acted either intentionally, or with reckless disregard for the truth.

### B. Staleness of information

{¶15} Next, Clouser argues that information contained in Bowen's affidavit regarding the July 27th, July 29th, and July 30th controlled drug buys was stale at the time that Bowen applied for the warrant, must be excised from the warrant application, and cannot support a probable cause determination.

{¶16} Here, the drug transactions at issue occurred approximately two and a half months prior to the warrant application. " 'The more "stale" the evidence becomes, the less likely it is to

support probable cause.' " *State v. Ridgeway*, 4th Dist. Washington No. 00CA19, 2001 WL 1710397, *3 (Nov. 21, 2001), quoting Lewis R. Katz, Ohio Arrest, Search and Seizure 77, Probable Cause-Staleness of Information (2001 ed.). However, "[s]taleness cannot be expressed in terms of precise amount of time * * *." *Id*. " '[A]n affidavit which establishes a pattern of conduct or indicates an ongoing investigation can justify the granting of a search warrant based on old information.' " *Id*. at *4, quoting *State v. McKenzie*, 6th Dist. Erie No. E-97-040, 1998 WL 636784, *5 (Sept. 18, 1998).

{¶17}   In his affidavit, Bowen averred that he began a drug investigation of Clouser as early as May 2015. At that time a confidential informant advised Bowen that Clouser was selling heroin from his apartment, and that the confidential informant had actually taken Eggleton to Clouser's apartment to purchase heroin. The confidential informant further advised that Clouser drove a silver Lincoln. In July 2015, a second confidential informant provided information that Clouser was selling heroin and that he drove a silver Lincoln. On July 27th, affiant observed Clouser driving the silver Lincoln in the vicinity of a controlled drug buy. The July 29th and July 30th transactions involved a confidential informant's direct purchase of heroin from Clouser. In both instances Clouser was seen driving the silver Lincoln. Then, on October 13, 2015, the date of the warrant application, and the date of Clouser's arrest for the July 2015 transactions, Bowen observed the silver Lincoln in front of Clouser's apartment. A lawful search of the silver Lincoln on that date revealed evidence of drugs and drug paraphernalia, as well as a satellite television bill addressed to Clouser. Given that the silver Lincoln was used during the July transactions, and also was revealed to contain drugs and drug paraphernalia on the very day of the warrant application, and that the silver Lincoln was parked directly in front of Clouser's apartment and contained a bill belonging to Clouser, we find that the affidavit establishes a pattern of conduct

and indicates an ongoing drug investigation that included the July controlled drug transactions. Therefore, the information regarding those transactions was not stale.

## IV. Conclusion

{¶18}   Based upon the foregoing, we conclude that Bowen's affidavit contained sufficient and valid information to support a finding of probable cause to issue the warrant. Accordingly, we overrule Clouser's sole assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Marie Hoover, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**