[Cite as *State v. Clayton*, 2015-Ohio-4370.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102277**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANTHONY CLAYTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-581010-C

**BEFORE:**  Stewart, J., Kilbane, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**  October 22, 2015

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1360 East 9th Street, Suite 600
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Steven McIntosh
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

**{¶1}** Defendant-appellant Anthony Clayton appeals from an order of the trial court denying his motion to suppress evidence against him. For the reasons that follow, we affirm.

**{¶2}** On January 2, 2014, the Cuyahoga County Grand Jury indicted Clayton on numerous charges related to drug possession and drug trafficking. The charges stemmed from a police search of his residence that uncovered illegal drugs and firearms. At the time of the search, Clayton resided on the premises with two codefendants, Montae and Donte Watson. Clayton and his codefendants filed a motion to suppress the evidence on the basis that the affidavit in support of the warrant lacked sufficient probable cause to support its issuance. The trial court denied the motion.

**{¶3}** Clayton pleaded no contest to certain charges contained in the indictment.[1] The trial court found him guilty and sentenced him to a two-year prison term on the underlying offenses in addition to a one-year prison term on merged firearm specifications. On appeal, Clayton reasserts his argument that the warrant affidavit did not contain sufficient facts for the magistrate to find probable cause to issue the search warrant.

---

[1] Clayton was charged in the same indictment as his codefendants, Montae and Donte Watson. Several counts charged only the codefendants. Clayton pled to all counts that pertained to him.

{¶4} The contents of the warrant affidavit can be summarized as follows. The affiant, a fifth district Cleveland police detective, averred that within the last four weeks, the district's Vice Unit received information from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") that a fully automatic, .45 caliber, MAC-10 machine gun was stolen during the course of a burglary in a nearby suburb and traded to two drug dealers for heroin. The ATF identified the drug dealers as Montae and Donte Watson. The ATF informed police that the Watsons lived at an address on Alhambra Avenue in Cleveland — the location searched as a result of the warrant. The affidavit indicated that the ATF received this information from cooperating defendants in the burglary prosecution.

{¶5} The affiant went on to explain that within the last 24 hours, he observed a male exit the residence on Alhambra Avenue and approach a vehicle that the affiant had under surveillance. The affiant stated that he observed the driver of the vehicle exit the car and witnessed the two men conduct a hand-to-hand transaction on the sidewalk before the driver of the vehicle returned to his car and the male returned to the residence.

{¶6} The affiant stated that the vehicle was stopped by the Cleveland police soon after the transaction and the police recovered heroin from the driver's coat pocket. The affidavit further states that the driver identified Montae Watson as the man who exited the Alhambra Avenue residence. The affiant then averred that Montae Watson had been convicted of drug trafficking in Cuyahoga C.P. No. 07-499200-A.

{¶7} Based upon these facts, the affiant stated that he believed that the Alhambra residence was being used for drug trafficking purposes and that evidence of heroin, other narcotics, and weapons would be found on the premises. He also stated that in his experience, persons who traffic illegal drugs often keep weapons for the purpose of guarding their money and drug supplies.

{¶8} The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio State Constitution protect against unreasonable governmental searches and seizures. *State v. Callan*, 8th Dist. Cuyahoga No. 95310, 2011-Ohio-2279, ¶ 15. Both constitutional provisions provide that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons or things to be seized."

{¶9} To protect against unconstitutional searches and seizures, a search warrant must be supported by sworn facts that establish probable cause to conduct the search in the mind of a neutral and detached magistrate. The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio State Constitution; *See State v. Castagnola,* Slip Opinion No. 2015-Ohio-1565, ¶ 34.

{¶10} When examining an affidavit, the United States Supreme Court instructed magistrates to employ a totality of the circumstances approach in assessing whether probable cause exists to issue a search warrant. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). This involves:

[Making] a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates* at 238-239.

{¶11} It is also understood that "[m]agistrates may make reasonable inferences when deciding whether probable cause exists." *Castagnola* at ¶ 41. However, magistrates should specially consider "how stale the information relied upon is, when the facts relied upon occurred, and whether there is a nexus between the alleged crime, the objects to be seized, and the place to be searched." *Id.* at ¶ 34.

{¶12} The probable cause determination is within the sound discretion of the issuing magistrate and reviewing courts must give great deference to the magistrate's decision. *State v. George*, 45 Ohio St.3d 325, 330, 544 N.E.2d 640 (1989). Thus, "doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Id.*

{¶13} On review, our inquiry is limited to determining whether the issuing judge had a substantial basis for concluding that probable cause existed. *Id.* at 329, citing *Gates*, 462 U.S. at 238-239, 103 S.C. 2317, 76 L.Ed.2d 527. Given the totality of the facts outlined in the affidavit, and the deference that must be afforded to the judge's decision, we cannot say that the affidavit lacked sufficient probable cause for the warrant to issue.

{¶14} Clayton's arguments during the suppression hearing and on appeal attack the three main facts alleged in the warrant affidavit: 1) that the defendants Montae and Donte Watson had traded heroin for a stolen gun; 2) that the driver of the vehicle was arrested and found to be in possession of heroin soon after conducting a hand-to-hand transaction with Montae Watson; and 3) that Montae Watson had been convicted of drug trafficking on a prior occasion. Clayton argues that none of these facts individually, or as a whole, establish probable cause to search the residence.

{¶15} Clayton contends that the ATF notification about the stolen MAC-10 does not support a finding of probable cause because the facts do not indicate when the original gun burglary occurred or when the gun might have been traded for heroin. Clayton argues that this information is crucial to the probable cause determination because an affidavit for a search warrant must contain timely information that supports a reasonable belief that items will be found at the particular place indicated. *See State v. Gales*, 143 Ohio App.3d 55, 61, 757 N.E.2d 390 (8th Dist.2001). Clayton further argues that the gun transaction does not support a finding of probable cause because the affidavit fails to establish a connection between the gun sale and the Alhambra Avenue residence, other than the fact that Watson resided there.

{¶16} While we agree that the affidavit does not state when the burglary occurred or when the gun was allegedly traded, we find this information unnecessary for a determination of probable cause, given reasonable inferences that may be drawn from the remainder of the affidavit.

**{¶17}** In addition to explaining how the Cleveland police were informed of the gun transaction, the affiant stated that in his experience as a police officer he has observed that it is not unusual for persons who traffic in illegal drugs to keep weapons to protect their drug and money caches. Therefore, the exact date of a gun transaction is inconsequential given the reasonable inference that may be drawn, which is that guns — unlike drugs which are repeatedly sold and consumed in short periods of time, see *United States v. Brooks*, 594 F.3d 488, 493 (6th Cir.2010) — are less transient and will likely remain in the possession of the drug trafficker for protection purposes.

**{¶18}** We further find there was a sufficient connection between the gun sale and the residence searched. As two federal courts aptly explain,

> [t]he justification for allowing a search of a person's residence when that person is suspected of criminal activity is the commonsense realization that one tends to conceal fruits and instrumentalities of a crime in a place to which easy access may be had and in which privacy is nevertheless maintained. In normal situations, few places are more convenient than one's residence for use in planning criminal activities and hiding fruits of a crime.

*United States v. Kapordelis*, 569 F.3d 1291,1310 (11th Cir. 2009), quoting *United States v. Green*, 634 F.2d 222, 226 (5th Cir.1981).

**{¶19}** Here, the affiant averred sufficient facts both in the ATF's report and the driver's identification of Montae Watson, for the court to conclude that Montae Watson lived at the residence on Alhambra Avenue. Therefore, given Montae Watson's prior criminal history and the allegation that he traded heroin for the stolen machine gun, it was reasonable for the issuing judge to conclude that there was probable cause to believe that the gun could be found at Montae Watson's residence.

**{¶20}** Clayton next contends that the affiant's observations concerning the hand-to-hand transaction do not support a finding of probable cause because the affiant does not allege anything illegal was exchanged, nor does the affidavit state that the driver identified Montae Watson as the seller of the heroin found in his possession. Clayton contends that the driver might have obtained the heroin prior to the transaction with Watson.

**{¶21}** In support of his argument, Clayton cites to two cases from this district, *State v. Pettegrew*, 8th Dist. Cuyahoga No. 91816, 2009-Ohio-4981, and *State v. Carmichael*, 8th Dist. Cuyahoga No. 95618, 2011-Ohio-2921. In both of these cases, our court reversed the trial court's denial of a motion to suppress evidence found as a result of an investigative stop when a police officer witnessed a hand-to-hand transaction between two parties, but could not say that he saw anything illegal exchanged.

**{¶22}** We find reliance on these cases misplaced for two reasons. First, in both of the cases the *only* fact offered as the basis for reasonable suspicion was the officer's observation of the hand-to-hand transaction. In this case, we have several facts offered in support of probable cause, including a federal law enforcement agency's tip to local police that a resident of the Alhambra Avenue address was a drug dealer who illegally obtained a machine gun.

**{¶23}** Second, unlike the present case, both *Pettigrew* and *Carmichael* involved a search and seizure incident to an investigatory stop. On review, such cases do not require us to give the same deference to a police officer's reasonable suspicion determination, as we must to a magistrate's determination of probable cause to issue a search warrant. *Compare McDonald v. United States*, 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153 (1948) (explaining that police have the burden of showing that the search and seizure fell within an exception to the warrant requirement) *with Gates,* 462 U.S. at 236–237, 103 S.Ct. 2317, 76 L.Ed.2d 527 (explaining that a magistrate's determination of probable cause must be paid great deference and that "'[a] grudging or negative attitude by reviewing courts toward warrants' is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant * * *.'" quoting *U.S. v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741. 13 L.Ed.2d 684 (1965). Thus, after reviewing the totality of facts articulated in the warrant affidavit, we believe that the magistrate could have reasonably inferred, based on the driver's identification of Watson, that the driver obtained his heroin from Watson.

**{¶24}** Lastly, Clayton argues that Watson's prior conviction for drug trafficking does not support the decision to issue the search warrant because the conviction occurred six years earlier. Clayton contends that a determination that such a conviction supports a finding of probable cause is tantamount to saying that *any* prior conviction provides probable cause for the issuance of a search warrant.

**{¶25}** We agree that a dated, prior conviction adds little support to a warrant affidavit. However, as a reviewing court, we do not look at each fact in isolation; rather we are instructed to look at all of the facts and determine whether under a totality of the circumstances, the issuing magistrate had a substantial basis for finding probable cause. In this case, we believe that the ATF's tip regarding the stolen machine gun, the affiant's observation of the hand-to-hand transaction followed by the identification of Montae Watson, the recovery of heroin from the driver, and Watson's prior drug conviction collectively provided a substantial basis for a judge to find probable cause to issue the search warrant.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR