[Cite as *State v. Beightler*, 2019-Ohio-2946.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER BEIGHTLER | : | Case No. 18-CA-45 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County
                             Court of Common Pleas, Case No.
                             18-CR-193


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            July 18, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH W. OSWALT                         SCOTT P. WOOD
Assistant Fairfield County Prosecutor     Conrad/Wood
239 W. Main Street, Suite 101             120 East Main Street, Suite 200
Lancaster, Ohio 43130                     Lancaster, Ohio 43130

*Baldwin, J.*

**{¶1}** Christopher Beightler appeals the decision of the Fairfield County Common Pleas Court overruling his motion to suppress the evidence found at his residence, arguing that the warrant was not supported by probable cause and the search was therefore illegal.

### STATEMENT OF FACTS AND THE CASE

**{¶2}** The Fairfield County Sheriff's Department obtained a warrant and searched Appellant's residence and discovered drugs and firearms leading to the indictment of Appellant. Appellant filed a motion to suppress the evidence of drugs and firearms, contending the warrant was not supported by probable cause. The trial court overruled the motion and Appellant entered a plea of no contest to one count of having weapons while under disability, a third-degree felony, and one count of aggravated trafficking in drugs, a first-degree felony. He plead guilty to a one year firearm specification and forfeiture specification and was sentenced to a total term of 10 years and 29 days in prison, which included a 394-day prison sentence as a sanction for committing a new criminal offense while on post-release control.

**{¶3}** The warrant that ultimately lead to Appellant's conviction was issued in response to an affidavit executed by Detective Shawn Woodgeard of the Fairfield County Sheriff's Office based upon seven categories of information:

**{¶4}** 1. Multiple tips regarding drug trafficking at 180 Sells Rd, Apt H6;

**{¶5}** 2. Information from John Arthurs, Jr;

**{¶6}** 3. Information from a confidential informant;

{¶7} 4. Surveillance of 180 Sells Rd, Apt H6 by the Fairfield County Sheriff's Office;

{¶8} 5. Discovery of drugs discarded by Appellant prior to apprehension;

{¶9} 6. Information from the residents of 180 Sells Rd, Apt H6;

{¶10} 7. Plain view observation of AR-15 in 180 Sells Rd, Apt H6.

{¶11} Appellant argues that none of the factors listed above are sufficient to support issuance of a warrant to search 180 Sells Rd, Apt H6. Appellant does not consider the cumulative impact of all of the factors listed above, an analysis we find necessary in the context of this case.

## STANDARD OF REVIEW

{¶12} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf,* 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams,* 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶13} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams,* supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).

{¶14} The Appellant is not challenging the trial court's findings of fact, but whether the trial court decided the ultimate issue correctly.  We therefore must determine whether the facts satisfy the applicable legal standard.

{¶15} The Fourth Amendment to the United States Constitution provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct.

507, 514, 19 L.Ed.2d 576 (1967);  *State v. Brown*, 63 Ohio St.3d 349, 350, 588 N.E.2d 113 (1992), overruled on other grounds by *State v. Murrell*, 94 Ohio St.3d 489, 2002-Ohio-1483, 764 N.E.2d 986.

**{¶16}** The issue in this case is whether probable cause existed to support the issuance of the warrant.  *State v. Sellards*, 5th Dist. Ashland No. 05 COA 047, 2006-Ohio-3924, ¶¶ 13-14.  In determining whether probable cause exists, the proper test is the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause exists when there is a fair probability, given the totality of the circumstances, contraband or evidence of a crime will be found in a particular place. *Id.* *State v. Kadri*, 5th Dist. No. 2016 AP 06 0036, 2017-Ohio-604, 85 N.E.3d 207, ¶ 24.  The Ohio Supreme Court held in *State v. George*, 45 Ohio St.3d 325, 329, 544 N.E.2d 640 (1989):

> The totality-of-the-circumstances test of *Illinois v. Gates, supra*, is concisely set forth in that decision at 238–239, 103 S.Ct. at 2332:
>
> * * * The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed. *Jones v. United States,* 362 U.S. at 271, 80 S.Ct. 725, 736, 4 L.Ed.2d. * * *

{¶17} The Appellant's analysis of the facts in the affidavit is the antithesis of the totality of the circumstances case. Appellant reviews each fact in isolation from the context of the others, and concludes that each individual basis is insufficient to support a conclusion that probable cause exists and a warrant may be issued. "However, as a reviewing court, we do not look at each fact in isolation; rather we are instructed to look at all of the facts and determine whether under a totality of the circumstances, the issuing magistrate had a substantial basis for finding probable cause." *State v. Clayton,* 8th Dist. Cuyahoga No. 102277, 2015-Ohio-4370, ¶ 25; *State v. Johnson*, 4th Dist. Highland No. 06CA36, 2007-Ohio-4158, ¶ 12. Though some of the facts viewed independently may not support a finding of probable cause, the facts viewed as a whole can support a conclusion that there was a fair probability that contraband or evidence of a crime could be found in the Appellant's room.

## ANALYSIS

{¶18} Appellant's argument analyzes each fact as if it was the only basis for issuance of the warrant. As a reviewing court, we do not look at each fact in isolation as Appellant's argument implies. Instead we look at all of the facts and determine whether under a totality of the circumstances, the issuing magistrate had a substantial basis for finding probable cause. *Clayton, supra* at ¶ 25. We "consider whether the total mix of information provided would support the magistrate's finding of probable cause." *State v. Brooks,* 6th Dist. Sandusky No. S-87-64, 1988 WL 134181 (Dec. 16, 1988) *2.

{¶19} When we review the totality of the circumstances of the facts described in the affidavit, a significant relationship between the facts becomes evident. The officer refers to multiple anonymous tips regarding the sale of illegal drugs from 180 Sells Rd

Apt H6. John Arthurs was arrested for possession of methamphetamine and admitted that he paid Appellant over $2000.00 for methamphetamine and that the purchase had occurred at 180 Sells Rd Apt H6.[1] The Lancaster Police Department surveilled the residence. Appellant exited the home and when ordered to stop he ran and dropped a bag containing 57 grams of methamphetamine, the same drug he sold to Arthurs, in the bushes. The tenants at 180 Sells Rd Apt H6 confirmed that Appellant had been staying in a back room in the apartment for a couple of weeks and consented to a search of the apartment. The officer's cleared the apartment for officer safety and collected an AR 15 assault rifle from the back bedroom where Appellant was staying.

{¶20} The officer's affidavit contained evidence that drugs were being sold at this location, that appellant was residing at the location and that he had sold methamphetamine from that location. Appellant was discovered in that location in possession of a large amount of methamphetamine when he attempted to evade the police. While no single piece of evidence is conclusive, the "pieces fit neatly together and the totality of the circumstances support the Magistrate's determination that there was 'a

---

[1] Appellant contends this fact is stale because the affidavit describes the arrest as occurring in 2017, one year before the execution of the affidavit. Appellee notes that the trial court found that the date was a scrivener's error and the correct date is 2018. The trial court concluded that if the information was over one year hold it would carry little weight and did find that it was a "scrivener's error" but the trial court also concluded that there was sufficient probable cause despite the purported error. If the arrest of Arthurs occurred in 2017, the information he provided would carry little weight on its own, but as noted above that data will not be examined in isolation but would be included in the totality of the circumstances. "While this information on its own may be insufficient for purposes of establishing probable cause, the information can be utilized to add flavor and force to the non-stale information."
State v. Smith, 5th Dist. Licking No. 16-CA-15, 2016-Ohio-7390, ¶ 69 in which we permitted the consideration of a 23 year old conviction in the affidavit. "[I]t is well-settled that information about criminal activity at an earlier unspecified time may combine with factually connected, recent, time-specific information to provide substantial basis for the conclusion that criminal activity described in an affidavit is sufficiently close in time to the search warrant application." Id at ¶ 71. In the context of this case, we find the age of the information obtained from Arthurs irrelevant to our disposition of the appeal.

fair probability that contraband or evidence of a crime' would be found" at 180 Sells Rd Apt H6.    *Massachusetts v. Upton,* 466 U.S. 727, 733, 104 S.Ct. 2085, 2088, 80 L.Ed.2d 721 (1984).

{¶21} We hold that the trial court did not err by denying the Appellant's motion to suppress because "the evidence viewed as a whole provided a 'substantial basis' for the magistrate's finding of probable cause." *Id.*  Appellant's sole assignment of error is denied and the decision of the Fairfield County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.